UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS KRAEMER,

                      Plaintiff,

-against-

AMY DERAYMOND FONTNO; LISA
SPITALE, ESQ. GUARDIAN;
NORTHAMPTON COUNTY COURT OF
COMMON PLEAS, DOMESTIC
RELATIONS SECTION; JANICE E.
BOWMAN; JUDGE PAULA A. ROSCIOLI;
DIVISION OF CHILD SUPPORT
ENFORCEMENT, NY,

                      Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-1-15

15-CV-1755 (PKC)

ORDER OF DISMISSAL

P. KEVIN CASTEL, United States District Judge:

         Plaintiff, who is appearing *pro se,* brings this action challenging, among other things, orders of the New York Family Court directing that he pay child support arrears. Plaintiff contends that his obligation to pay support ended in June 2010, when his daughter graduated from high school at 21 years of age and disputes that she is entitled to ongoing child support because of a disability. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

         The Court has the authority to dismiss a frivolous complaint *sua sponte,* even when the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)

2

(internal quotation marks and citation omitted). The Court is obliged, however to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Thomas Kraemer's daughter, E.K., resides in Pennsylvania, as does E.K.'s mother, Amy DeRaymond Fontno. Kraemer alleges that he resides in New York. A child support order from the Pennsylvania County Court of Common Pleas directing Kraemer to pay support for E.K. terminated on July 17, 2010, when E.K. graduated from high school at 21 years of age. (Compl. at 3.) On July 16, 2010, E.K.'s mother moved to reestablish child support based on allegations that E.K. is disabled. Annexed to the complaint is an order signed by Judge Paula A. Roscioli after a hearing on October 20, 2010, reinstating the earlier order of support, effective as of the date of the July 16, 2010 petition, and directing Kraemer to make monthly child support payments. (*Id.* at 1-1 at 1.)

A notice of noncompliance from the Pennsylvania County Court of Common Pleas dated December 2, 2010, advises Kraemer that enforcement action may be taken based on his failure to comply with the child support order. Kraemer alleges that "he stopped paying [child support] on November 1, 2013." (*Id.* at 22.) According to documents annexed to the complaint, on December 4, 2013, Kraemer filed a petition for termination of child support in the Pennsylvania County Court of Common Pleas. The petition was denied when he failed to appear for the February 28, 2014 hearing. (*Id.* at 1-1 at 10).

A notice to Kraemer from the Family Court of the State of New York provides that a support order from the Court of Common Pleas of the State of Pennsylvania was registered in

3

New York and that failure to request a hearing within twenty days regarding enforcement of the registered order would preclude further challenge to the order. (*Id.* at 1-1 at 4.) The registered order annexed to the complaint is dated July 24, 2014. (*Id.* at 1-1 at 3.) There are no allegations in the complaint about whether Kraemer applied for or the New York Family Court held any hearings. Kraemer alleges that his driver's license is scheduled to be suspended because of the Division of Child Support Enforcement of New York's proceedings to recover the $8257.54 in arrears.

Some years earlier, E.K. was awarded $255,000 in a compensatory education fund pursuant to a settlement in an action under the Individuals with Disabilities in Education Act against E.K.'s school district, *E.K. et al. v. Easton Area Sch. District*, No. 2:06-CV-3592 (TR) (E.D. Pa.). On May 30, 2014, the court appointed Lisa M. Spitale, Esq., as the educational guardian ad litem for E.K., and E.K. was eventually enrolled in Leigh Transition Services in Pennsylvania. Kraemer devotes much of the complaint to arguing that there is "nothing wrong with [E.K.] – just a deplorable education." (Compl. at 5.) He contends that Fontno has characterized E.K. as disabled in order "to justify the demanded support of an individual having passed the age of majority." (*Id.* at 7.) Kraemer also alleges in this complaint that E.K. has been mistreated in various ways by Leigh Transition Services and by her mother; for example, he alleges that she had a serious skin condition that went untreated. These allegations duplicate allegations made in an earlier filed action.[1]

---

[1] Before filing this suit, on November 21, 2014, Kraemer filed an action in this Court against the child's mother, E.K.'s law guardians, Leigh Transition Services and others asserting claims about abuse of E.K. *See Kraemer v. Fontno*, No. 14-CV-9343 (S.D.N.Y.). On March 16, 2015, the Court transferred that action to the Eastern District of Pennsylvania.

4

In this suit, Kraemer names as Defendants Fontno, law guardian Lisa Spitale, Judge Paula Roscioli and Clerk of Court Janice Bowman of the Northampton County Court of Common Pleas, the Northampton County Court of Common Pleas, Domestic Relations Section, and the New York State Division of Child Support Enforcement. Kraemer asks the Court, among other things, to (1) enjoin the Division of Child Support Enforcement of New York's enforcement action; (2) award him damages for alleged overpayment of child support since January 10, 2007, when E.K. reached the age of majority; and (3) revoke the appointment in *E.K. et al. v. Easton Area Sch. District*, No. 2:06-CV-3592 (TR) (E.D. Pa.), of Lisa Spitale as guardian ad litem to administer E.K.'s educational compensation fund. He also seeks damages from Defendants for injuries to him and to E.K.

## DISCUSSION

### A. Child Support

Federal court is not the proper forum for determination of an award of child support. *See Ankenbrandt v. Richards*, 504 U.S. 689, 716 (1992) (a narrow "domestic relations exception" divests the federal courts of power "to issue divorce, alimony and child custody decrees").

This Court also cannot review or reverse any judgment entered in the New York Family Court. "[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (relying on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)).

Moreover, the Eleventh Amendment bars suit against the New York State Division of Child Support Enforcement and the Northampton County Court of Common Pleas in this Court. The Eleventh Amendment bars from federal court all suits by private parties against a state

unless the state consents to such a suit or Congress has validly abrogated its immunity. *See Bd. of Trs. v. Garrett*, 531 U.S. 356, 363-64 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). A state's immunity extends to state agencies such as the New York State Division of Child Support Enforcement and to the state courts. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990).

Because neither the States of New York and Pennsylvania nor their agencies have consented to being sued in federal court under 42 U.S.C. § 1983, and Congress did not abrogate state immunity in enacting § 1983, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977), the Eleventh Amendment bars Plaintiff's claims against the New York State Division of Child Support Enforcement and the Northampton County Court of Common Pleas from proceeding in federal court. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B. Judicial and Quasi-Judicial Immunity

Plaintiff's claims against Judge Roscioli of the County Court of Common Pleas must be dismissed. Judges are absolutely immune from suit for damages for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Absolute immunity protects judges for their judicial acts because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Kraemer alleges that Judge Roscioli made "false claims" about his child support arrears "predicated on misinformation" from his daughter's mother. (Compl. at 7.) Judge Roscioli is immune from suit based on such

6

allegations, and the claims against Judge Roscioli must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's claims against Janice Bowman, Clerk of Court of the Northampton County Court of Common Pleas, Domestic Relations Section, must also be dismissed. "[T]he same policies underlying immunity for judges also justify a similar grant of immunity to clerks for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). "[W]hen functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer . . . that officer's immunity is also available to the subordinate." *Id.* at 66. The sole allegation against Bowman in the complaint is that she too "made false claims predicated on misinformation" about Kraemer's child support arrears. (Compl. at 7.) Bowman's name is on documents attesting to the amount of the arrears that Kraemer owes. (*See, e.g., Id.* at 1-1 at 2.) Because Bowman's alleged actions as Clerk of Court certifying the arrears owed are judicial in nature and are an integral part of the judicial process, Bowman is entitled to absolute immunity for such conduct. Kraemer's claims against Bowman are therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### C. Claims against Spitale and Fontno

Kraemer also sues Spitale, the law guardian appointed in *E.K. et al. v. Easton Area Sch. District*, No. 2:06-CV-3592 (TR) (E.D. Pa.), on behalf of his child. It is not clear that the law guardian owes any duty to Kraemer individually, and the law guardian may in any event enjoy quasi-judicial immunity in an action commenced on behalf of the child, *see Yapi v. Kondratyeva*, 340 Fed. App'x 683, 685 (2d Cir. 2009); *Lewittes v. Lobis*, 164 Fed. App'x 97, 98 (2d Cir. 2006). Given that Kraemer recently filed an action against law guardian Spitale and the child's mother,

7

Amy Fonto, *Kraemer v. Fontno*, No. 14-CV-9343 (S.D.N.Y.), which has been transferred to and is now pending in the Eastern District of Pennsylvania, *Kraemer v. Fontno*, No. 15-CV-1521 (JLS) (E.D. Pa.), the Court dismisses without prejudice the claims in this complaint against Spitale and Fontno.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's claims in this complaint against Spitale and Fontno are dismissed without prejudice, and all of the remaining claims are dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court declines to grant Plaintiff leave to amend his complaint because it would be futile to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 1, 2015
        New York, New York

P. KEVIN CASTEL
United States District Judge

---

[2] The Court also lacks authority to revisit the decision of the United States District Court for the Eastern District of Pennsylvania appointing Spitale as law guardian.